1

2          The Honorable John C. Coughenour

3

4

5

6          UNITED STATES DISTRICT COURT FOR THE
           WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

8

3rd AVE SW LLC and JHA FAMILY LLC,                )
9                                                 )
                                    Plaintiffs,   )        No. 24-cv-00552-JCC
10                                                )
           v.                                     )
11                                                )        DEFENDANT RYAN JIMENEZ'S
           RYAN JIMENEZ, ODIN PROPERTY TAX        )        MOTION FOR SUMMARY
12         ADVOCATES LLC, a Colorado limited liability )   JUDGMENT
           company, and KING COUNTY, a political  )
13         subdivision,                           )        **Noted for June 27, 2025**
                                                  )
14                                 Defendants.    )
                                                  )
15         _____)

16                      I.        **STATEMENT OF FACTS**

17              A.  Allegations in Plaintiffs' Complaint.

18              Plaintiff's[1] complaint alleges that Defendant Ryan Jimenez, an Assessor with the

19         King County Assessor's Office, violated his rights under the United States Constitution and

20         Washington law when Mr. Jimenez allegedly tried to compel Plaintiff to hire his private

21         _____

22         [1] It appears to the undersigned that the real party in interest is Siddharth Jha, apparently an
           owner, or the owner, of the two LLCs in the caption.  However, that may not be accurate.
23         Regardless, in order to avoid confusion, this motion refers to the "Plaintiff" in the singular,
           which is meant to include all plaintiffs.

           DEFENDANT RYAN JIMENEZ'S
           MOTION FOR SUMMARY JUDGMENT - 1                      Bundy Law Group, PLLC
           No. 24-cv-00552-JCC                                  P.O. Box 2543
                                                                Bellingham, WA 98227
                                                                (206) 372-3627

1  business to advocate for lower property taxes and, after Plaintiff refused the shakedown, Mr.

2  Jimenez massively raised the values of three of his properties to punish him. *Dkt. 1-1*.  Mr.

3  Jimenez denies all of these allegations by his sworn declaration in support of this motion

4  (*Jimenez Dec. at p. 3*) and now brings this motion for summary judgment..

5          B.  Plaintiff failed to make Initial Disclosures.

6          Plaintiff has never made any Initial Disclosures in this case, despite them being due

7  over six months ago. *Bundy Dec. at p. 1*.  The history on this issue is as follows.  On

8  September 20, 2024, the Court issued its Minute Order Setting Initial Case Management

9  Dates. *Dkt. 14*.  Under that Order, Initial Disclosures were due by November 8, 2024. *Id.*

10  The Defendants each served Plaintiff with their Initial Disclosures on November 8th.

11  *Bundy Dec. at p. 1*.  The Plaintiff did not serve any Initial Disclosures. *Id.*

12          The Court's Order also ordered the parties to meet and confer for their Joint Status

13  Report. *Dkt. 14*.  That report was due on November 15, 2025. *Id.*  The parties met and

14  conferred and Defendant King County prepared a draft report that was sent to Plaintiff's

15  counsel on October 28, 2024, with a request for his input. *Bundy Dec. at Exhibit A at p. 3*.

16  Plaintiff's counsel did not respond to that email or two subsequent emails requesting his

17  input. *Id. at p. 2*.  Finally, King County's paralegal emailed Plaintiff's counsel again on

18  November 15, 2024, the day the report was due, again requesting his input. *Id. at p. 1*.  The

19  first paragraph of the draft report emailed to counsel stated as follows:

20              As directed by the Court's September 20, 2024, Minute Order
              Setting Initial Case Management Dates (Dkt. 14), the parties met
21            and conferred telephonically on October 11, 2024.  Thereafter,
              counsel for the Plaintiff has ignored repeated emails from King
22            County regarding his input on this joint status report.  He also
              failed to serve any Initial Disclosures.  Therefore, all Defendants
23            are forced to file this  Joint Status Report without Plaintiff's

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 2
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

input.

*Bundy Dec. at p. 2..*

Plaintiff's counsel  responded a little over three hours later, writing as follows:

> Good afternoon, I am currently in trial so we haven't been able to get initial disclosures together to you.  Can we adjust the initial disclosure deadline to 11/22?  If you can make that change you can sign for me.  Thank you.

*Bundy Dec. at Exhibit A at  p. 1.*

All Defendants agreed to Plaintiff's counsel proposal to extend the date for his Initial Disclosures and the Joint Status Report was filed with the Court with that change the same day. *Dkt. 19.*

Now, over six months later, Plaintiff has still not made any Initial Disclosures. *Bundy Dec. at p. 2.*

Plaintiff's complaint makes extraordinarily serious allegations against Mr. Jimemez – that he illegally shook down Plaintiff to try to drive business to himself, and intentionally kept their property valuations massively too high when Plaintiff refused to pay the bribes. *Dkt. 1-1.* Yet Plaintiff has (1) has made no Initial Disclosures as ordered by the Court and required by court rule and has never produced or identified evidence or a single witness to support his allegations; and (2) appears to have never produced any such evidence (or even such allegations) to the Assessor's Office in his many tax appeals. *Willett Dec. at p. 20.* Therefore, in defending this case, and filing this motion for summary judgment, Mr. Jimenez and his attorney has no idea what evidence (statements, recordings, writings, etc.)

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 3
No. 24-cv-00552-JCC

1    and witnesses, if any, Plaintiff intends to use against him, and they have had no opportunity

2    to challenge or test that evidence, if there is any.  *Bundy Dec. at p. 3.*

3          C.  <u>Defendant Ryan Jimenez fully denies Plaintiff's allegations.</u>

4          Mr. Jimenez is employed as a Commercial Appraiser II in the King County

5    Assessor's Office.  *Jimenez Dec. at p. 1.*  He has held that position since 2021.  *Id.*  He has

6    worked for the Assessor's Office since 2016, beginning as a Residential Appraiser I.  *Id.*

7          Plaintiff's Complaint in this case arises out of Mr. Jimenez's valuation of three of

8    his properties for property tax purposes.  *Id.*  In his declaration, Mr. Jimenez uses the last

9    four numbers of each of these properties' parcel numbers when discussing them.  *Id. at pp.*

10   *1-2.*

11         The first property Plaintiff complains about is 9058.  *Id. at p. 2.*  Plaintiff's

12   Complaint claims (among other things) that the parcel is "unbuildable because it does not

13   have access to sewer . . . ."  *Id.*  Mr. Jimenez had multiple communications with Plaintiff's

14   representative Siddharth Jha about that issue.  *Id.*  While it is accurate that the parcel does

15   not have a sewer line in place nearby, it is not accurate that one could not potentially be

16   hooked up.  *Id.*  In his discussions with Mr. Jha, he claimed that the cost of hooking up to a

17   sewer line would be too expensive to make development feasible.  *Id.*  Mr. Jimenez

18   followed his office's normal practice and asked Mr. Jha to provide documentation from a

19   third-party expert to estimate the cost of hooking up to a sewer line.  *Id.*  Mr. Jimenez made

20   two additional requests by email in late 2022.  *Id.*  Mr. Jha never produced any such

21   documentation.  *Id.*  Nevertheless, after further research on his own, and without the

22   requested documentation, Mr. Jimenez lowered the valuation of the parcel to reflect his

23   best estimated adjustment for the cost of hooking up to an available sewer line.  *Id.*

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 4
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

The other parcels that Plaintiff complains about are 9089 and 9036 ("the Burien properties"). *Id.* Plaintiff claims that "[t]he Burien properties don't have access and are essentially landlocked" and that they cannot be developed for any use. *Id.* These claims are not accurate. *Id.* First, it is Mr. Jimenez's understanding that no properties in Washington state are permitted to be "landlocked" – some form of access must always be permitted. *Id.* And, in fact, there was a road to the property. *Id.* While the road was narrower than it may have needed to have been under the zoning designation, CC2, Mr. Jimenez understood that the City of Burien (the government that would be responsible for permitting any development) would probably have some leeway in what could be done with the two parcels and that acquiring an easement for access is an issue between property owners. *Id.* In the end, Mr. Jimenez reduced the valuations of these two parcels to take into account the lack of main street frontage in addition to wetlands on the parcels. *Id.*

Plaintiff's Complaint also claims that Mr. Jimenez was not legally authorized to do appraisals in Washington. *Id. at p. 3; Dkt. 1-1 at p. 5.* That is false. *Jimenez Dec. at p. 3.* Mr. Jimenez has been accredited by the Washington State Department of Revenue since 2017 to perform duties by the assessor. *Id.* This is the only requirement by Washington State to complete assessment appraisals. *Id.* An appraisal license is not a requirement and is typically acquired as supplemental certifications for the work completed by the assessor's office. *Id.* Mr. Jimenez's accreditation has been consistently valid during his employment with the Assessor's Office with no lapses. *Id.*

Regarding Mr. Jimenez's former side business, Odin LLC, Plaintiff's Complaint makes numerous false claims. *Id.* First, he claims that it violated the law because Mr. Jimenez did not receive approval from the County to do outside work. *Id.* Exhibit A to

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 5
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

Mr. Jimenez's declaration are true and correct copies of a document that shows that claim

to be false – he did request and receive such approval, in writing. *Id.*

Second, Plaintiff's case is premised on the allegations that Mr. Jimenez illegally

tried to force him to pay Odin as a "shakedown" and other such language. *Id.* And that

when Plaintiff supposedly refused to hire Odin, Mr. Jimenez punished him by increasing

his properties' valuations. *Id.* These allegations are false. *Id.* Mr. Jimenez never said any

such thing. *Id.* These parcels' valuations were the result of his expertise, experience and

exercising his best judgment as an appraiser. *Id.*

Finally, Mr. Jimenez incorporated Odin LLC as a tax consulting company in 2020

in Colorado because he got his clients from there. *Id.* He has done about 10 projects with

Odin, all of these with Colorado clients. *Id.* Because Mr. Jimenez was working in

Washington on Colorado business, it was his understanding that he was required to also

incorporate in Washington for tax purposes. *Id.* However, Mr. Jimenez never did any

projects with Odin in Washington, and he never intended to do any such work in

Washington. *Id.* The LLC is now defunct, having ended in Colorado and Washington in

January of 2022. *Id. at p. 3 and Exhibit B.*

    D. <u>The Asssesser's Office explains the history of Plaintiff's appeals on the relevant parcels; explains the administrative and legal remedies available to Plaintiff; shows that Plaintiff never fully availed himself of the due process available to him in any of his many appeals; and shows that Plaintiff apparently never raised his allegations against Mr. Jimenez in any of those appeals.</u>

  Mary-Louis "Lou" Willett has been the Assistant Chief Appraiser in the King

County Assessor's Office since 2002. *Willett Dec. at p. 1.*[2] She has worked as both a

---

[2] The Willett declaration will be filed with King County's Motion for Summary Judgment.

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 6
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

1  residential and commercial appraiser for the King County Department of Assessments since

2  1989.  *Id.*  Ms. Willett has personal knowledge about the history surrounding the three

3  involved parcels and the processes available for taxpayers to challenge assessments.  *Id. at*

4  *p. 3.*  She has provided a declaration detailing (1) the processes that occurred with the three

5  involved properties; (2) the administrative and judicial remedies that were available to

6  Plaintiff; (3) that he never availed himself of these processes in any of his appeals on the

7  involved properties; and (4) that Plaintiff appears to never have raised his complaints about

8  Mr. Jimenez in any of his appeals.  *Willett Dec. throughout.*

9        The most prevalent remedies pursued by taxpayers include: (1) filing Petitions for

10  Property Tax Refund with the Assessor; (2) filing a Real Property Petition with the Board

11  of Equalization; (3) filing a Request for Direct Appeal to the Board of Tax Appeals; and/or

12  filing an Informal or Formal Property Tax Appeal with the Board of Tax Appeals; and (4)

13  pursuing a judicial remedy by first paying property taxes under protest and next filing a

14  Tax Refund lawsuit in superior court.[3] *Id. at p. 3.*  In addition to these remedies, if an

15  appeal filing deadline is missed, specified reasons may allow for a late filing under RCW

16  84.40.038 or WAC 458-14-127 by filing a Request to Reconvene or a Waiver of Filing

17  Deadline.  *Id.*  Taxpayers may also seek to have their property values lowered by bringing

18  "manifest error" claims to the attention of the Assessor's office for review without filing a

19  claim.  *Id.*

20        While Plaintiff challenged the assessed taxes for various years for 302304-9089 and

21  302304-9036, and SeaTac parcel number 032204-9058, Plaintiff did not pursue all

22

23  [3] Obviously, taxpayers who file in superior court and lose can then also pursue the various available appellate remedies to the Court of Appeals and the Supreme Court, etc..

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 7
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

1   administrative and judicial remedies available to him to contest the value of these parcels.

2   *Id. at p. 19.*  And when he filed appeals with the Board of Tax Appeals, Plaintiff

3   continually requested to have the administrative process stayed, thereby never allowing the

4   appeal process to exhaust.  *Id.*

5       Further, Plaintiff's incorrectly claims that "Jimenez also deprived Plaintiffs of

6   substantive and procedural due process when he prevented them from being able to file a

7   manifest error petition to correct the tax rolls unless Plaintiffs first 'hired' Jimenez's private

8   company." *Id.; Dkt. 1-1 at p. 35.*  In reality, instructions for filing Petitions for Property

9   Tax Refunds are available to the public on the King County Assessor's website.  *Willett*

10  *Dec. at p. 19.*  These submittals should be filed by either mailing to the King County

11  Department of Assessments with Attention to the Appeals Division or emailing to

12  assessor.info@kingcounty.gov.  *Id.*  Once received, the petitions for commercially zoned

13  property are directed to the Commercial Business Division Director and the Administrative

14  Assistant to be logged and assigned.  *Id.*  Nothing prevented Plaintiff from submitting such

15  petitions.  *Id.*

16      Furthermore, as indicated above, on numerous occasions, while Plaintiff did avail

17  himself of property tax appeals process on these three parcels, but he did not properly

18  prosecute his cases.  *Id. at p. 20.*  For instance, in informal property tax appeals 99674 and

19  99675, where evidence submission deadlines were issued, he did not submit any market

20  evidence, including comparable sales, in support of his position.  *Id.*

21      When the Plaintiff's Petitions for Property Tax Refunds were filed in April 2024,

22  they were reviewed and processed through to completion for all three parcels.  *Id.*  The

23  Revised Code of Washington and the Washington Administrative Code pertaining to

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 8
No. 24-cv-00552-JCC

manifest error corrections are very strict. *Id.* Specifically, WAC 458-14-005(14)(j) does not allow for the exercise of appraisal judgment, therefore most of the manifest error claims made in the taxpayer's petition for property tax refund filings were precluded from being addressed through those filings. *Id.* Instead, it is the administrative appeals process that is the appropriate vehicle for addressing issues impacting value that require the exercise of appraisal judgment. *Id.* When the pending administrative appeal hearings are allowed to progress, the Assessor will have the opportunity to exercise appraisal judgment and address any and all issues impacting value. *Id.*

Finally, had Plaintiff made any such allegations known to the Assessor about Mr. Jimenez as are being made in this case, they would have been taken extremely seriously and would have been fully investigated by the Assessor's office. *Id.* But until the Plaintiff filed this lawsuit, Ms. Willett – who handled all the matters after Mr. Jimenez was recused – was never informed of any such allegations. *Id.* Therefore, it appears that Plaintiff never raised such allegations to the Assessor's Office.

## II.   ISSUES PRESENTED

A.   Parties are required to make Initial Disclosures and, if they fail to do so, are normally not allowed to put on evidence or call witnesses unless they show that their failure to disclose was inadvertent *or* did not prejudice the other parties. Plaintiff made no Initial Disclosures, this was not inadvertent, and if he is now allowed to put on such undisclosed evidence and witnesses, would prejudice Mr. Jimenez. Should Plaintiff be barred from putting on any evidence or witnesses in response to this motion?

B.   Claims for declaratory judgments on tax disputes under Washington's Uniform Declaratory Judgment Act are not available where the taxpayer is challenging the tax assessed; they are only available where they challenge underlying law. Here, Plaintiff's UDJA claim does not challenge the statutes involved; he challenges only the assessed values. And his UDJA

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 9
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

claim is not proper against a mere employee, Mr. Jimenez, as opposed to the County.  Should Plaintiff's UDJA claim against Mr. Jimenez be dismissed?

C.    "Manifest error" petitions under RCW 84.69.020 may be brought against the County, not individual employees.  Plaintiff has improperly asserted a "manifest error" claim against Mr. Jimenez.  Should that cause of action be dismissed as to Mr. Jimenez?

D.    A procedural due process claim under the 14th Amendment requires that a Plaintiff plead and prove that he availed himself of the process available to remedy his claimed harm and a substantive due process claim requires that there be no remedies available under state law.  Plaintiff never availed himself of all the administrative and judicial process available to him, his Complaint makes no allegations that he did so, and there were multiple state law remedies available.  Should Plaintiff's due process claim against Mr. Jimenez be dismissed?

E.    A Plaintiff to an Equal Protection claim as pled here must be a member of protected class or be in a "class of one" and be intentionally discriminated against because one or both of those statuses.  There is no evidence that Mr. Jimenez discriminated against Plaintiff.  Should Plaintiff's Equal Protection claim be dismissed?

F.    There is no cause of action for "civil extortion" under Washington law. Plaintiff has improperly pled a cause of action for "civil extortion."  Should Plaintiff's civil extortion claim against Mr. Jimenez be dismissed?

### III.    EVIDENCE RELIED UPON

Declaration of Ryan Jimenez and Exhibits A and B thereto;

Declaration of Lou Willett and Exhibit A-R thereto; and

Declaration of Kristofer Bundy and Exhibit A thereto.

### IV.    ARGUMENT

A.    Parties are required to make Initial Disclosures and, if they do not, are normally not allowed to put on the undisclosed evidence or call witnesses unless they show that their failure to disclose was inadvertent *or* did not prejudice the other parties.  Plaintiff made no Initial Disclosures, this was not inadvertent and if he is now allowed to put on such undisclosed evidence and witnesses, it would prejudice Mr. Jimenez.  Therefore, Plaintiff should not be permitted to put on any evidence or call any witnesses.

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 10
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

With some inapplicable exceptions, Fed. R. Civ. P. 26(a) requires parties to make Initial Disclosures of evidence, witnesses, and damages, among other things.  Once it is determined, as is the case here, that a party has failed to provide information required by Rule 26(a)(2)(C) or 26(e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction).

The burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless." *R.D. v. Shohola, Inc.*, Civil No. 3:16-CV-01056 (M.D. Pa. November 20, 2019) quoting *U.S. Fire Ins. Co. v. Omnova Solutions, Inc.*, No. 10-1085, 2012 WL 5288783, at *2 (W.D. Pa. Oct. 23, 2012).

As set forth above, Plaintiff did not serve any Initial Disclosures by the Court-ordered deadline of November 8, 2024.  *Bundy Dec. at p. 1.*  Then, when he learned that the Defendants intended to point out this failure in the Joint Status Report to the Court, he asked for and received an extension from the Defendants to do so, and signed that Report with a promise to serve disclosures by November 22, 2024.  *Id.; Dkt. 19.*  Now, six months later, Plaintiff has not served any Initial Disclosures.  *Id. at p. 2.*

In order to use any evidence in response to this motion, it is Plaintiff's burden to prove "substantial justification or that its failure to produce was harmless."  First, in light of the facts surrounding the Joint Status Report, there is no substantial justification.  Plaintiff

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 11
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

first violated the Court's order by not disclosing by November 8th. *Id. at p. 1.*  Then, he

asked for an extension and received it to make the disclosures by November 22nd and then

broke that promise.  *Id. at p. 2.*

Second, Plaintiff cannot show that the failure to disclose is harmless to Mr.

Jimenez.  *Id. at p. 3.*  Mr. Jimenez and his counsel have no idea what evidence or witnesses

Plaintiff intends to use to defeat this motion and prevail at trial, among other things.  *Id.*  If

he does try to produce evidence and witnesses in response to this motion, such sandbagging

would violate the rules, the spirit and purpose of the rules, and Mr. Jimenez's right to

notice and due process.  *Id.*

For these reasons, Plaintiff should not be permitted to put on any evidence or

witnesses in response to this motion.

> B. <u>Claims for declaratory judgments on tax disputes under Washington's Uniform Declaratory Judgment Act are not available where the taxpayer is challenging the tax assessed; they are only available where they challenge the facial validity of the applicable statutes.  Here, Plaintiff's UDJA claim addresses only the taxes owed, not any of the applicable statutes.  And his UDJA claim is not proper against a mere employee, Mr. Jimenez, as opposed to the County.  For these reasons, Plaintiff's UDJA claim against Mr. Jimenez fails.</u>

Plaintiff's first cause of action is for declaratory judgment under Washington

UDJA, seeking a declaratory judgment that the taxes assessed were unlawful.  *See Dkt. 1-1*

*at p. 33*.

In *Sifferman v. Chelan Cnty.*, 496 P.3d 329, 188 Wn. App. 1 (2021), the Court of

Appeals ruled on a case similar to this one where the taxpayer tried to challenge the tax

owed under the UDJA rather than challenging "the facial validity" of the applicable statute.

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 12
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

1    *See Dkt. 1-1 at p. 33.*  The Court held that this type of claim was not allowed under the

2    UDJA:

3              In addition, the UDJA is not an appropriate remedy for the
             taxpayers' claims because the taxpayers do not challenge the facial

4              validity of the REET. "Declaratory judgments are proper 'to
             determine the facial validity of an enactment, as distinguished from

5              its application or administration.' " *Hood Canal Sand & Gravel,
             LLC v. Goldmark*, 195 Wash. App. 284, 305, 381 P.3d 95 (2016)

6              (internal quotation marks omitted) (quoting *Bainbridge Citizens
             United v. Dep't of Nat. Res.*, 147 Wash. App. 365, 374, 198 P.3d

7              1033 (2008) ). The taxpayers do not ask that we declare that
             imposition of a REET on transfers of improvements on leased land

8              is an invalid tax that can never be properly imposed. *Instead, they
             ask for a refund of the taxes paid* and ask that we determine that

9              the REET should not apply to transfers of subleases on Native
             American land. *Therefore, declaratory judgment based solely on*

10             *the application of the REET under the circumstances would be
             improper. . . .*

11

12   496 P.3d at 399-40 (emphasis added).  The same is true here.

13             Also, even if the Plaintiff was challenging the applicable statutes, his claim would

14   need to be against King County and the state, not against Mr. Jimenez, a low-level, non-

15   policymaking employee.

16             For these reasons, and for the reasons set forth in section V.A., above, Plaintiff's

17   UDJA claim against Mr. Jimenez fails.

18        C.    <u>"Manifest error" petitions under RCW 84.69.020 may be brought against the
               County, not individual employees.  Plaintiff has improperly asserted a
               "manifest error" claim against Mr. Jimenez.  That cause of action should be
               dismissed as to Mr. Jimenez.</u>

19

20             Plaintiff's second cause of action is for "manifest error" pursuant to RCW

21   84.69.202. *Dkt. 1-1 at p. 34.*  That statute allows the taxpayer to bring a claim for a refund

22   against the County for a variety of specific reasons.  RCW 84.69.020.  The statute does not

23

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 13
No. 24-cv-00552-JCC

create a cause of action against a line-level assessor.  *Id.*  Defendant King County should be the one defending this claim, not Mr. Jimenez.

        D.    <u>A procedural due process claim under the 14th Amendment requires that a Plaintiff plead and prove that he availed himself of the process available to him to remedy his claimed harm and a substantive due process claim requires that there not be remedies available under state law.  Plaintiff never availed himself of all the administrative and judicial process available to him, his Complaint makes no allegations that he did so, and there were multiple state law remedies available.  For these reasons, his due process claim against Mr. Jimenez fails</u>.

        Plaintiff's third cause of action is under the 14th Amendment for violations of his procedural and substantive due process rights.  *Dkt. 1-1 at pp. 33-34.*  The claim fails for the following reasons.

        First, procedural due process generally requires that a hearing before an impartial decision maker be provided at a meaningful time, and in a meaningful manner, prior to a governmental decision which deprives individuals of a liberty or property interest.  *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976).  For example, "where a property owner is given written notice to abate a hazard on his or her property and has been given an opportunity to appear before the proper municipal body considering condemnation of the property, no due process violation occurs when the municipality abates the nuisance pursuant to the condemnation notice."  *Samuels v. Meriwether*, 94 F.3d 1163, 1166-67 (8th Cir. 1996); *Hedrick v. Pfeiffer*, 10 F. Supp. 2d 1106, 1111 (D. Neb. 1998) (no procedural due process violation where property owner received notice and attended city council meeting at which he was given an opportunity to show cause why the condition of his property was not a nuisance, and later received notice of the city resolution declaring property a nuisance and setting deadlines for abatement of that nuisance), aff'd, 175 F.3d 1024 (8th Cir. 1999).

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 14
No. 24-cv-00552-JCC

1    Here, Plaintiff complains about the valuations of his three properties by Mr.

2    Jimenez, yet he did not avail himself of all of the administrative and judicial process

3    available to him which are set up to address valuation challenges. *Willett Dec. at pp. 3, 19-*

4    *20.* In fact, Plaintiff *was* provided with substantial administrative and judicial due process,

5    he just elected not to avail himself of all of the process available. *Id.*

6    Second, substantive due process claims fail where state law provides an adequate

7    post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process

8    claim against a state employee for an unauthorized intentional or negligent deprivation of

9    property where state law provides an adequate post-deprivation remedy) *see also Henry v.*

10   *Hulett*, 969 F.3d 769 (7th Cir. 2020) (overruling *Hudson* "in a severely limited way" on the

11   very narrow issue of bodily privacy). Again, there were multiple state law remedies

12   available to Plaintiff that he did not avail himself of. *Willett Dec. at pp. 3, 19-20.*

13   For these reasons, and because Plaintiff should not be allowed to put forth any

14   evidence or witnesses, Plaintiff's due process claims fail.

15       E.   <u>A plaintiff to an Equal Protection claim as pled here must be a member of a</u>
             <u>protected class or be in a "class of one" and be intentionally discriminated</u>

16           <u>against because of one or both of those statuses. There is no evidence that Mr.</u>
             <u>Jimenez discriminated against Plaintiff. Plaintiff's Equal Protection claim</u>

17           <u>should be dismissed.</u>

18   Plaintiff's fourth cause of action alleges that Mr. Jimenez violated his rights under

19   the Equal Protection clause of the 14th Amendment based on two theories. *Dkt. 1-1 at pp.*

20   *36-37.* First, that he was discriminated against because he is a member of a protected class.

21   *Id. at p. 36.* Second, that he was discriminated as a member of a "class of one." *Id. at p.*

22   *37.* The Equal Protection claim fails for the following reasons.

23

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 15
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

1      First, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that

2   no State 'shall deny to any person within its jurisdiction the equal protection of the laws,'

3   which is essentially a direction that all persons similarly situated should be treated alike."

4   *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d

5   313 (1985).  Therefore, to prevail on a claim for violation of the Equal Protection Clause, a

6   plaintiff must show that the defendant acted with an intent or purpose to discriminate

7   against him based upon his membership in a protected class.  *Barren v. Harrington*, 152

8   F.3d 1193, 1194 (9th Cir.1998).  "Intentional discrimination means that a defendant acted

9   at least in part because of a plaintiff's protected status."  *Maynard v. City of San Jose*, 37

10  F.3d 1396, 1404 (9th Cir.1994) (emphasis in original) (citation omitted).  To avoid

11  summary judgment, a plaintiff "must produce evidence sufficient to permit a reasonable

12  trier of fact to find by a preponderance of the evidence that the decision was racially

13  motivated or motivated by animus to another protected class."  *Serrano v. Francis*, 345

14  F.3d 1071, 1082 (9th Cir. 2003) quoting *Bingham v. City of Manhattan Beach*, 329 F.3d

15  723, 732 (9th Cir.2003) (citations and alterations omitted).

16      While Plaintiff's complaint makes the conclusory allegation that "Plaintiffs are a

17  member of a protected class . . . ." (*Dkt. 1-1 at p. 36*),  he makes no allegations about which

18  class he is in or how that class possibly motivated Mr. Jimenez to discriminate against

19  them.  Instead, the allegations support only a theory that Mr. Jimenez was motivated by

20  greed, not by discrimination.  Plaintiff's Equal Protection claim based on a protected class

21  theory fails.

22      Second, Plaintiff's "class of one" theory also fails.  When an equal protection claim

23

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 16
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

is premised on unique treatment rather than on a classification, the Supreme Court has described it as a "class of one" claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). In order to prove a violation of equal protection in a class of one case, the plaintiff must establish that the government intentionally, and without rational basis, treated the plaintiff differently from others similarly situated. *Id.*; accord *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004), overruled on other grounds, *Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). A class of one plaintiff must show that the discriminatory treatment "was intentionally directed just at him, as opposed . . . to being an accident or a random act." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir.2001).

Plaintiff makes no allegations, and has no facts to support, that Mr. Jimenez gave him "unique treatment" and intentionally discriminate against him. Instead, as stated above, Plaintiff's core theory is that Mr. Jimenez tried to shake him down. While this is not true, even if it were, the motivations would be greed, not discrimination.

For these reasons, and because Plaintiff should not be allowed to admit any evidence in response to this motion, Plaintiff's Equal Protection claim fails.

F.    <u>There is no cause of action for "civil extortion" under Washington law. Plaintiff has improperly pled a cause of action for "civil extortion." Plaintiff's civil extortion claim should be dismissed.</u>

Plaintiff's fifth cause of action is for "civil extortion." *Dkt. 1-1 at pp. 37-38.* The complaint cites three criminal statutes, asserts that Mr. Jimenez violated them, and from this asserts a claim for "civil extortion." *Id.* None of the criminal statutes cited provide for a civil cause of action for someone violating them, and no Washington case law does so.

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 17
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627

1  Plaintiff's fifth cause of action should be dismissed because there is no such cause of action
2  in Washington.

3  <u>CONCLUSION</u>

4      Plaintiff cannot meet his burden of showing that his failure to make Initial
5  Disclosures was "substantially justified *or* harmless" to Mr. Jimenez; it was not justified at
6  all and it is extremely prejudicial.  Therefore, he should not be permitted to use any
7  evidence to respond to this motion.  And, for the reasons set forth above, Plaintiff's claims
8  against Mr. Jimenez fail regardless.  It is respectfully requested that Mr. Jimenez's motion
9  for summary judgment be granted.

10

11     I certify that this memorandum contains 5135 words, in compliance with the Local
12  Civil Rules.

13

14  DATED this 20th day of May, 2025

15

16  By: */Kristofer Bundy*
    Kristofer J. Bundy, WSBA #19840
    Bundy Law Group, PLLC
17  P.O. Box 2543
    Bellingham, WA 98227
18  Phone: (206) 372-3627
    E-mail: kris@bundylawgroup.com
19  Special Deputy Prosecuting Attorney
    Attorney for Defendant Ryan Jimenez
20

21

22

23

DEFENDANT RYAN JIMENEZ'S
MOTION FOR SUMMARY JUDGMENT - 18
No. 24-cv-00552-JCC

Bundy Law Group, PLLC
P.O. Box 2543
Bellingham, WA 98227
(206) 372-3627