THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3RD AVE SW LLC and JHA FAMILY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN JIMENEZ, ODIN PROPERTY TAX ADVOCATES LLC, a Colorado limited liability company, and KING COUNTY, a political subdivision, <br><br> Defendants. | CASE NO. C24-0552-JCC <br><br> ORDER |

    This matter comes before the Court on cross-motions for summary judgment (Dkt. Nos. 21, 24, 26, 35) and Defendants' motion to strike (Dkt. No. 38). For the reasons stated below, the Court DECLINES to rule on the motions. Instead, it STAYS the matter pending exhaustion of Plaintiffs' tax appeals and prospectively GRANTS Plaintiffs leave to amend their complaint (upon completion of those appeals).

    According to the complaint, Ryan Jimenez (a King County Tax Assessor's appraiser), unjustifiably and significantly raised the assessed values of Plaintiffs' real property. (Dkt. No. 1-1 at 10–11.) Mr. Jimenez, through a wholly owned limited liability consulting company, then informed Plaintiffs that, if they retained his company to advocate on their behalf, he could reverse the increase to the properties' assessed values. (*Id.* at 11–26.) Plaintiffs declined the

invitation and, instead, challenged the assessments without Mr. Jimenez's assistance. (*Id.*)

Plaintiffs were partly successful—they were able to reduce the valuations and associated assessments for some years for some properties—but were unable to fully offset the impact of Mr. Jimenez's inflated valuations. (*Id.*) This was because, say Plaintiffs, Mr. Jimenez lied to the County Board of Appeals and Equalization and/or the Washington State Board of Tax Appeals regarding the nature of those properties. (*Id.*) Moreover, say Plaintiffs, Mr. Jimenez's supervisors were aware of and, perhaps, even complicit in Mr. Jimenez's extortion scheme. (*Id.*)

In response, Plaintiff sued Mr. Jimenez, his consulting company, and King County. (*See* Dkt. No. 1-1.) The last removed the matter to this Court, based on asserted federal law claims for constitutional deprivations. (Dkt. No. 1.) The road since removal, though, has been bumpy. Plaintiffs' counsel has missed agreed-to and Court-imposed deadlines. (*See, e.g.*, Dkt. Nos. 29, 34.) He also showed an alarming unfamiliarity with aspects of federal court practice. (*See id.*) Nevertheless, Plaintiffs' allegations are serious and, if proven, warrant relief. (*See generally* Dkt. No. 1-1.)

All this being said, it is clear (based largely on the briefing now before the Court) that Plaintiffs have not exhausted their state and local administrative remedies, *i.e.*, completed their tax appeals for the years and parcels at issue. (*See* Dkt. No. 35 at 17, 22.) Rather, Plaintiffs sought and received stays of those appeal(s) after bringing suit here. (*Id.*) This is the wrong approach.

Given the claims at issue (and the gravity of the allegations—which are serious), the Court cannot yet determine the nature, scope, and quantum of appropriate relief. To attempt to do so is not consistent with settled doctrine. *Cf. Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) (application of *Younger* abstention). Nor would it be an efficient use of judicial resources. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). As the Supreme Court made clear many years ago, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And here, the Court is left with the firm conviction that staying this matter is the prudent thing to do. Once the outstanding tax appeals are complete, Plaintiffs could then amend their pleadings to reflect those circumstances.[1]

Accordingly, the Court (a) STAYS this matter pending exhaustion of Plaintiffs' tax appeals and (b) prospectively GRANTS Plaintiffs leave to amend their complaint (one time) upon completion of those appeals. The Court also DIRECTS the parties to provide it with a joint status report within 21 days of completion of the property tax appeals for the years and parcels at issue in this matter. The Court further DIRECTS the Clerk to terminate all outstanding motions (Dkt. Nos. 21, 24, 26, 35, 38)[2] and STAY this matter.

It is so ORDERED this 13th day of August 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court further suggests Plaintiffs revise or supplement their allegations to better support claims brought pursuant to 42 U.S.C. § 1983. For example, based on the current pleading, the Court fails to grasp the basis for King County's liability, as the complaint lacks allegations regarding the County's offending policy, practice, or custom. (*See generally* Dkt. No. 1-1); *see also Monell v. Dep't of Soc. Services of New York*, 436 U.S. 658, 690 (1978); *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) (describing components of a § 1983 claim based on a failure to train).

[2] The parties are free to resubmit them once (a) the stay in this matter is lifted and (b) Plaintiffs elect (or do not elect) to amend their complaint.